TRACY & STILWELL, P.C.
Attorneys for Plaintiff
ROSALINA SERRANO
20 Vesey Street, Suite 810
New York, New York 10007
Telephone No.: (212) 285-2555

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ROSALINA SERRANO,

                Plaintiff,

-against-

ULTRADENT PRODUCTS, INC.,

                Defendant.
-----------------------------------------------------------------X

INDEX NO.: 07 CV 3685
2007

COMPLAINT

JUDGE KARAS

*(Filed stamp: MAY 09 2007 U.S.D.C. S.D.N.Y. CASHIERS)*

Plaintiff, ROSALINA SERRANO, by her attorneys, TRACY & STILWELL, P.C., complaining of the defendant, respectfully shows and alleges as follows:

## INTRODUCTION

1. This is a suit brought by the plaintiff, ROSALINA SERRANO, a dental assistant, who, while in the course of her employment and while in the process of using a gel tooth bleaching agent manufactured by the defendant, ULTRADENT PRODUCTS, INC., was caused to suffer permanent blindness in her right eye and light sensitivity and loss of vision in her left eye, as a result of a defective syringe.

2. Plaintiff demands judgment on the first, second, and third causes of action in amounts that exceed the jurisdictional limits of 28 U.S.C. §1332 and would exceed the jurisdictional limits of all lower courts which would exercise jurisdiction over this matter.

3. Plaintiff requests a jury trial in this action.

1

## JURISDICTION

4. This court has diversity jurisdiction over this matter pursuant to 28 U.S.C. §1332.

## VENUE

5. Venue is in the Southern District of New York pursuant to 28 U.S.C. §1391 since substantial part of the events or omissions giving rise to the claim occurred in New York County, and the defendant is subject to personal jurisdiction in this district.

## THE PARTIES

6. The plaintiff, ROSALINA SERRANO, resides at 70-B Clark Lane, Staten Island, New York 10304, County of Richmond.

7. The defendant, ULTRADENT PRODUCTS, INC., is a business entity doing business in the State of New York.

### AS AND FOR A FIRST SEPARATE AND DISTINCT CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF, ROSALINA SERRANO

**FIRST:** At all times hereinafter mentioned, the plaintiff, ROSALINA SERRANO, was and still is a resident of the Borough of Staten Island, County of Richmond, City and State of New York.

**SECOND:** Upon information and belief, and at all relevant times, the defendant, ULTRADENT PRODUCTS, INC., was and still is a corporation, duly organized and existing under and by the virtue of the laws of the State of Utah.

**THIRD:** Upon information and belief, and at all relevant times, the defendant, ULTRADENT PRODUCTS, INC, was and still is a foreign corporation, authorized to conduct business in the State of New York.

**FOURTH:** Upon information and belief, and at all relevant times, the defendant,

ULTRADENT PRODUCTS, INC., was and still is a business entity, transacting and doing business in the State of New York

**FIFTH**: Upon information and belief, and at all relevant times, the defendant, ULTRADENT PRODUCTS, INC., was and still is a business corporation which transacted business in the State of New York and/or committed a tortious act within the State of New York and/or committed a tortious act outside the State of New York causing injury to persons within the State of New York, and more particularly, to the plaintiff, ROSALINA SERRANO, and/or regularly does business or engages in other persistent courses of conduct or derives substantial revenue from products used or consumed or from services rendered within the State of New York and/or expects or should reasonably expected its acts to have consequences within the State of New York and/or derive substantial revenue from interstate commerce or international commerce and/or owns, uses or possesses real property within the State of New York.

**SIXTH:** Upon information and belief, and at all relevant times, the defendant designed, manufactured, tested, inspected, and distributed certain gel tooth bleaching and whitening products including syringes for use in dentist applied bleaching of one or more teeth, parts of a tooth and/or accelerated chair side whitening procedures.

**SEVENTH:** Upon information and belief, and at all relevant times, the defendant advertised, marketed, supplied and/or placed into channels of commerce these gel tooth bleaching and whitening products and syringes, and more particularly, a chemically activated whitening gel, called Opalescence Xtra Boost.

**EIGHTH:** Upon information and belief, and at all relevant times, the defendant, manufactured, marketed, distributed and supplied a kit containing the Opalescence X-tra Boost and syringe necessary to apply the product.

**NINTH:** Upon information and belief, and at all relevant times, the defendant designed, manufactured, sold or otherwise distributed these tooth bleaching and whitening products for economic gain and profit making purposes.

**TENTH:** Upon information and belief, and at all relevant times, the defendant designed, manufactured tested, inspected and distributed a tooth whitening gel, in particular, Opalescence X-tra Boost, a 38% hydrogen peroxide power bleaching gel and distributed it with related instructions for application of the product and more particularly, a kit containing the syringes and hydrogen peroxide gel at or to the dental office of David Blaustein, D.D.S., located at 415 West 23rd Street, New York, New York 10011.

**ELEVENTH:** Upon information and belief, and at all relevant times, the defendant knew or should have known that the Opalescence X-tra Boost kit with its components, and more particularly, the syringe used to apply the whitening gel would be used by employees of the dental office of David Blaustein, D.D.S., and others, and more particularly, the plaintiff, and would likely be hazardous, dangerous and deleterious to human life and health.

**TWELFTH:** At all relevant times, the plaintiff was in the course of her employment and lawfully on the premises at the above described location.

**THIRTEENTH:** At all relevant times, the plaintiff was using certain dental instruments, equipment and products at the above described location, and more particularly, the Opalescence X-tra Boost whitening kit for the purpose for which it was intended at the time of the accident.

**FOURTEENTH:** On or about May 14, 2004, at approximately 4:00 p.m. of that day, at the dental office of David Blaustein, D.D.S., located at 415 West 23rd Street, New York, New York 10011, through the negligence, recklessness and carelessness of the defendant, ULTRADENT

PRODUCTS, INC., in the design, manufacture, testing, sale, distribution and marketing of the Opalescence X-tra Boost whitening kit, the plaintiff, ROSALINA SERRANO, while in the course of her employment as a dental technician with Dr. Blaustein, was caused to be blinded in her right eye with light sensitivity and loss of vision in the left eye during the application of the Opalescence X-boost whitening gel to a patient's teeth, more particularly, the syringe contained in the kit cracked and sprayed the whitening gel into her right eye underneath her safety glasses. The defendant failed to provide proper instruction in the use of the Opalescence X-tra boost kit; the defendant failed to ensure that all proper and necessary precautions had been taken to avoid danger and hazard to persons using the kit; the defendant failed to inspect, repair, and/or maintain the kit; the defendant failed to provide the kit with adequate warnings or reading material to persons using the kit, it failed to provide the contents of the kit, particularly the syringe with safety features; the defendant violated the statutes, codes, ordinances, laws, rules and regulations in the manufacture, design and inspection of the product; the defendant caused, permitted and allowed the kit, and more particularly the syringe to become and remain in a dangerous, unsafe condition for unreasonable length of time; the defendants knew or should have known that in the exercise of care, caution, testing, observation, inspection and knowledge of the existing condition, that the kit containing the syringe and chemical solution was likely to and would result in injury to those lawfully using it; the defendant failed to warn the plaintiff of this dangerous and perilous condition, thereby causing serious personal injuries to the plaintiff, ROSALINA SERRANO, as complained of in this complaint.

**FIFTEENTH:** Upon information and belief, and at all relevant times, the defendant, ULTRADENT PRODUCTS, INC., was negligent, reckless and careless in failing to provide proper warnings, information, advice and/or notice to those involved in the chain of distribution and to the potential users of the Opalescence X-tra boost, and more particularly, the plaintiff, ROSALINA

SERRANO, of its dangers and defects which render such tooth whitening kits hazardous to human life and health.

**SIXTEENTH:** As a result of the foregoing, the plaintiff, ROSALINA SERRANO, was rendered sick, sore, lame and disabled, experienced great pain and suffering to both eyes, requiring continuing medical and psychiatric treatment, be confined to her bed, home, all to her detriment.

**SEVENTEENTH:** The injuries and damages sustained by the plaintiff, ROSALINA SERRANO, are wholly and solely by reason of the negligence of the defendant, ULTRADENT PRODUCTS, INC., without any negligence on the part of the plaintiff in any way contributing thereto.

**EIGHTEENTH:** By reason of the foregoing premises, the plaintiff, ROSALINA SERRANO, has been severely injured and damaged, and that the amount of these damages exceed the jurisdictional limits of 28 U.S.C. §1332 and would exceed the jurisdictional limits of all lower courts which would exercise jurisdiction over this matter.

### AS AND FOR A SECOND SEPARATE AND DISTINCT CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF, ROSALINA SERRANO

**NINETEENTH:** The plaintiff, ROSALINA SERRANO, repeats, reiterates, realleges and reconfirms each and every allegation in paragraphs numbered "FIRST" through "EIGHTEENTH" above, with the same force and effect as if fully set forth at length.

**TWENTIETH:** Upon information and belief, prior to May 14, 2004, the defendant, ULTRADENT PRODUCTS, INC., placed its goods into the stream of commerce warranting said goods fit for the purpose intended, fully knowing that the chemical whitening gel kit would be used by persons such as the plaintiff.

**TWENTY-FIRST:** Upon information and belief, the defendant, ULTRADENT

PRODUCTS, INC., breached both the express and implied warranties, including the warranty of merchantability, in that this product was not of the fair average quality and standard, and the warranty of fitness for a particular purpose.

**TWENTY-SECOND:** Upon information and belief, defendant, ULTRADENT PRODUCTS, INC., did warrant to the plaintiff and others that the chemical whitening gel kit was in compliance with the State regulations and rules in the United States of America and complied with the laws, rules, codes and regulations of the United States of America and the particular states involved.

**TWENTY-THIRD:** The plaintiff, ROSALINA SERRANO, has been injured and damaged and the amount of these damages exceed the jurisdictional limits of 28 U.S.C. §1332 and would exceed the jurisdictional limits of all lower courts which would exercise jurisdiction over this matter.

### AS AND FOR A THIRD SEPARATE AND DISTINCT CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF, ROSALINA SERRANO

**TWENTY-FOURTH:** The plaintiff, ROSALINA SERRANO, repeats, reiterates, realleges and reconfirms each and every allegation in paragraphs numbered "FIRST" through "TWENTY-FOURTH" with the same force and effect as if fully set forth at length.

**TWENTY-FIFTH:** Upon information and belief, the defendant, ULTRADENT PRODUCTS, INC., is strictly liable in tort for the plaintiff's injuries and damages because the defect was a substantial factor in bringing about the injuries.

**TWENTY-SIXTH:** The injured plaintiff, ROSALINA SERRANO, could not by by the exercise of reasonable care, have discovered the defect or perceived its danger.

**TWENTY-SEVENTH:** The plaintiff, ROSALINA SERRANO, has been injured and

7

damaged and the amount of these damages exceed the jurisdictional limits of 28 U.S.C. §1332 and would exceed the jurisdictional limits of all lower courts which would exercise jurisdiction over this matter.

**WHEREFORE**, the plaintiff, ROSALINA SERRANO, demands judgment on the first, second and third causes of action in amounts that exceed the jurisdictional limits of all lower courts which would exercise jurisdiction over this matter.

Dated: Staten Island, New York
      May 9, 2007

                                Yours etc.,

                                TRACY & STILWELL, P.C.

By: _____
     JOHN J. TRACY
     Attorneys for Plaintiff
     20 Vesey Street, Suite 810
     New York, New York 10007
     Tel. No.: (212) 285-2555

8