UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

ROSALINA SERRANO,

                Plaintiff,

     -against-

ULTRADENT PRODUCTS, INC.,

                Defendant.

---------------------------------------------------------------x

Index No.: 07CV3685

Assigned to: Judge Karas

**ANSWER**

     Defendant, ULTRADENT PRODUCTS, INC. (hereinafter "ULTRADENT"), by its attorneys, Segal McCambridge Singer & Mahoney, Ltd., answering the Plaintiff's Complaint upon information and belief, alleges as follows:

     1.     Defendant, ULTRADENT, denies each and every allegation contained in the "FIRST" Paragraph of the Plaintiff's Complaint.

     2.     Defendant, ULTRADENT, denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the "SECOND" Paragraph of the Plaintiff's Complaint and respectfully refers all questions of law to this Court for determination at the time of trial.

     3.     Defendant, ULTRADENT, denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the "THIRD" Paragraph of the Plaintiff's Complaint.

     4.     Defendant, ULTRADENT, denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the "FOURTH" Paragraph of the

Plaintiff's Complaint and respectfully refers all questions of law to this Court for determination at the time of trial.

5. Defendant, ULTRADENT, denies each and every allegation contained in "FIFTH" Paragraph of the Plaintiff's Complaint and respectfully refers all questions of law to this Court for determination at the time of trial.

6. Defendant, ULTRADENT, denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the "SIXTH" Paragraph of the Plaintiff's Complaint.

7. Defendant, ULTRADENT, denies each and every allegation contained in the "SEVENTH" Paragraph of the Plaintiff's Complaint except admits that it does business in the State of New York.

AS AND FOR AN ANSWER TO THE
FIRST CAUSE OF ACTION
<u>AGAINST DEFENDANT ULTRADENT</u>

1. Defendant, ULTRADENT, denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the "FIRST" Paragraph of the Plaintiff's Complaint.

2. Defendant, ULTRADENT, denies each and every allegation contained in the "SECOND" Paragraph of the Plaintiff's Complaint except admits that ULTRADENT is incorporated in the State of Utah.

3. Defendant, ULTRADENT, denies each and every allegation contained in the "THIRD" Paragraph of the Plaintiff's Complaint except admits that ULTRADENT is incorporated in the State of Utah.

4. Defendant, ULTRADENT, denies each and every allegation contained in the "FOURTH" Paragraph of the Plaintiff's Complaint except admits that ULTRADENT is incorporated in the State of Utah.

5. Defendant, ULTRADENT, denies each and every allegation contained in the "FIFTH" Paragraph of the Plaintiff's Complaint and respectfully refers all questions of law to this Court for determination at the time of trial.

6. Defendant, ULTRADENT, denies each and every allegation contained in the "SIXTH" Paragraph of the Plaintiff's Complaint except admits that ULTRADENT is involved in the manufacture and packaging of various medical devices and instruments.

7. Defendant, ULTRADENT, denies each and every allegation contained in the "SEVENTH" Paragraph of the Plaintiff's Complaint except admits that ULTRADENT is involved in the manufacture and packaging of various medical devices and instruments, including Opalescence X-tra Boost.

8. Defendant, ULTRADENT, denies each and every allegation contained in the "EIGHTH" Paragraph of the Plaintiff's Complaint except admits that ULTRADENT is involved in the manufacture and packaging of various medical devices and instruments, including Opalescence X-tra Boost.

9. Defendant, ULTRADENT, denies each and every allegation contained in the "NINTH" Paragraph of the Plaintiff's Complaint except admits that ULTRADENT is involved in the manufacture and packaging of various medical devices and instruments.

10. Defendant, ULTRADENT, denies each and every allegation contained in the "TENTH" Paragraph of the Plaintiff's Complaint except admits that ULTRADENT is involved in the manufacture and packaging of various medical devices and instruments.

11.     Defendant, ULTRADENT, denies each and every allegation contained in the "ELEVENTH" Paragraph of the Plaintiff's Complaint.

12.     Defendant, ULTRADENT, denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the Paragraph "TWELFTH" of the Plaintiff's Complaint.

13.     Defendant, ULTRADENT, denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the "THIRTEENTH" Paragraph of the Plaintiff's Complaint.

14.     Defendant, ULTRADENT, denies each and every allegation contained in the "FOURTEENTH" Paragraph of the Plaintiff's Complaint.

15.     Defendant, ULTRADENT, denies each and every allegation contained in the "FIFTEENTH" Paragraph of the Plaintiff's Complaint.

16.     Defendant, ULTRADENT, denies each and every allegation contained in the "SIXTEENTH" Paragraph of the Plaintiff's Complaint.

17.     Defendant, ULTRADENT, denies each and every allegation contained in the "SEVENTEENTH" Paragraph of the Plaintiff's Complaint.

18.     Defendant, ULTRADENT, denies each and every allegation contained in the "EIGHTEENTH" Paragraph of the Plaintiff's Complaint and respectfully refers all questions of law to this Court for determination at the time of trial.

AS AND FOR AN ANSWER TO THE<br>SECOND CAUSE OF ACTION<br><u>AGAINST DEFENDANT ULTRADENT</u>

19.     Defendant, ULTRADENT, herein repeats, reiterates and realleges each and every answer heretofore made in the "FIRST" through the "EIGHTEENTH" Paragraphs of the Plaintiff's Complaint.

20. Defendant, ULTRADENT, denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the "TWENTIETH" Paragraph of the Plaintiff's Complaint and respectfully refers all questions of law to this Court for determination at the time of trial.

21. Defendant, ULTRADENT, denies each and every allegation contained in the "TWENTY-FIRST" Paragraph of the Plaintiff's Complaint.

22. Defendant, ULTRADENT, denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the "TWENTY-SECOND" Paragraph of the Plaintiff's Complaint and respectfully refers all questions of law to this Court for determination at the time of trial.

23. Defendant, ULTRADENT, denies each and every allegation contained in the "TWENTY-THIRD" Paragraph of the Plaintiff's Complaint and respectfully refers all questions of law to this Court for determination at the time of trial.

AS AND FOR AN ANSWER TO THE<br>THIRD CAUSE OF ACTION<br><u>AGAINST DEFENDANT ULTRADENT</u>

24. Defendant, ULTRADENT, herein repeats, reiterates, and realleges each and every answer hereto made in the "FIRST" through the "TWENTY-FOURTH" Paragraphs of the Plaintiff's Complaint.

25. Defendant, ULTRADENT, denies each and every allegation contained in the "TWENTY-FIFTH" Paragraph of the Plaintiff's Complaint.

26. Defendant, ULTRADENT, denies each and every allegation contained in the "TWENTY-SIXTH" Paragraph of the Plaintiff's Complaint.

27.     Defendant, ULTRADENT, denies each and every allegation contained in the "TWENTY-SEVENTH" Paragraph of the Plaintiff's Complaint and respectfully refers all questions of law to this Court for determination at the time of trial.

*   *   *

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

There were no warranties, either express or implied, between the plaintiff and the answering Defendant. The answering Defendant breached no warranties, either express or implied, which may have existed between it and the Plaintiff. If the product described in the Complaint was modified, altered or changed from the condition in which it was sold, such modification, alteration, or change caused or contributed to cause the Plaintiff's alleged damages.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

That the amount recoverable shall be diminished in the proportion attributable to Plaintiff's culpable conduct which caused the damage, if any, including but not limited to Plaintiff's contributory negligence in causing, creating or contributing to the condition and damages complained of in the complaint and assumption of risk.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

If the answering defendant is found liable, such liability is less than or equal to 50% of the total liability of all persons who may be found liable and therefore this answering Defendant's liability shall be limited to its equitable share, pursuant to CPLR Article 16.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Upon information and belief, any past or future costs or expenses incurred or to be incurred by the Plaintiff for medical care, dental care, custodial care or rehabilitative services, loss of earnings or other economic loss, has been or will be, with reasonable certainty, replaced

or indemnified in whole or in part from a collateral source as defined in Section 4545(c) of the New York Civil Practice Law and Rules.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

The instrumentality, substance and/or product which allegedly injured the Plaintiff was not being used for its normal purpose and/or was being misused.

### AS AND FOR AN SIXTH AFFIRMATIVE DEFENSE

That the Plaintiff's Complaint must be dismissed due to Spoliation of the evidence.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

That the Plaintiff, through the exercise of reasonable care, could have discovered the alleged dangers, apprehended the dangers and avoided the injury.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

That the damages as set forth in the subject Complaint were the result of the negligence, superseding negligence, culpable conduct, and/or violation of applicable rules, regulations, or standards of third parties over whom Defendant, ULTRADENT, exercised neither control nor right of control and for whom this Defendant is not legally responsible and therefore, the Plaintiff cannot recover against this Defendant.

### AS AND FOR AN NINTH AFFIRMATIVE DEFENSE

There exists no proximate causation between any alleged acts or breach of duty by this Defendant, ULTRADENT, and Plaintiff's alleged damages herein.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

That the Plaintiff has failed to join necessary and indispensable parties herein.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate, obviate, diminish and/or otherwise act to lessen or reduce the injuries, damages and/or disabilities alleged in the complaint.

<u>AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE</u>

That if any of the issues herein have previously been fully litigated by the parties herein before another judicial and/or administrative tribunal and/or forum and that tribunal and/or forum has rendered a final decision, order and/or judgment in connection therewith, then the Plaintiff is precluded from re-litigating said issues herein.

<u>AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE</u>

That if the Plaintiff had been granted any remedy by any other judicial and/or administrative tribunal and/or forum for any of the injuries alleged to have been sustained herein after having fully litigated the issues therein, then Plaintiff is precluded from seeking further remedies herein for said injuries.

WHEREFORE, Defendant ULTRADENT demands judgment dismissing Plaintiff's Complaint in its entirety and for any costs and expenses incurred in the defense thereof, including attorneys' fees.

Dated: New York, New York
   July 23, 2007

SEGAL MCCAMBRIDGE SINGER & MAHONEY, LTD.
Attorneys for Defendant
ULTRADENT PRODUCTS, INC.

By: /s/ Christian H. Gannon
  Christian H. Gannon (1621)
  Maria C. Carlucci (5929)
  830 Third Avenue, Suite 400
  New York, New York 10022
  (212) 651-7500

TO: John J. Tracy
   Tracy & Stilwell, P.C.
   Attorneys for Plaintiff
   20 Vesey Street, Suite 810
   New York, New York, 10007
   (212) 285-2555

## CERTIFICATION OF SERVICE

      I HEREBY CERTIFY that a true and correct copy of the above and foregoing instrument has been served electronically on this 23rd day of July, 2007, via the Court's ECF system, as well as via First Class Mail on all known counsel of record in this action as follows:

John J. Tracy
Tracy & Stilwell, P.C.
Attorneys for Plaintiff
20 Vesey Street, Suite 810
New York, New York, 10007
(212) 285-2555

                                                /s/ Christian H. Gannon_____
                                                Christian H. Gannon